UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SAWYERS,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES,<br><br>    Respondent. | CV 20-03113-RSWL<br>CR 15 00070 RSWL<br><br>**[REDACTED]**<br>**ORDER re: Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255** [CV 1] [CR 202] |

    On December 7, 2016, Petitioner Brian Sawyers ("Petitioner") was sentenced to federal prison for a term of 180 months based on two counts of distribution of cocaine base in the form of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(B)(iii). J. & Commitment Order 1, ECF No. 158. Petitioner now asks the Court to vacate his sentence associated with his § 841 conviction. See generally Pet'r's Mot. to Vacate, Set Aside, or Correct Sentence ("Mot."), ECF No. 202. Having reviewed all papers

1

submitted pertaining to Petitioner's 2255 Motion (the "Motion"), the Court **DENIES** the Motion.

## I. BACKGROUND

In February 2015, a grand jury indicted Petitioner on two counts of distribution of cocaine base in the form of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(B)(iii). See Indictment 1:18-2:8, ECF No. 1. The case proceeded to trial, where the jury returned a guilty verdict for Petitioner on both counts of the indictment. See Redacted Jury Verdict, ECF No. 26. As to Count Two, the jury also found that Petitioner distributed at least twenty-eight grams of crack cocaine. Id. At a hearing on November 17, 2016, the Court determined that Petitioner's three prior felony drug convictions, in conjunction with the jury's finding as to Count Two, meant that Petitioner faced a ten-year mandatory minimum term of imprisonment on Count Two. Order re 21 U.S.C. § 851 Prove-Up, ECF No. 146; see also 21 U.S.C. § 841(b)(1)(B).

On December 7, 2016, this Court sentenced Petitioner to 180 months on each count, to be served concurrently. J. & Commitment Order 1, ECF No. 158. Petitioner appealed on December 14, 2016, see Notice of Appeal, ECF No. 161, and the Ninth Circuit affirmed on October 24, 2018, see Mem. of USCA, ECF No. 193. On March 11, 2020, the Court denied Petitioner's Motion for Elderly Offender Home Detention Pursuant to Section 603

of the First Step Act of 2018. Order re Petitioner's Motion for Elderly Home Detention, ECF No. 201. Petitioner filed this § 2255 Motion on April 2, 2020. See Mot. to Vacate, Set Aside, or Correct Sentence, ECF No. 202. The Government filed its Opposition [CR 217] on September 18, 2020. Following several extensions granted by the Court, Petitioner replied on April 5, 2021.

## II. DISCUSSION

### A. Legal Standard

28 U.S.C. § 2255 provides that a federal prisoner may make a motion to vacate, set aside or correct his sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

"[T]he [Supreme] Court has cautioned that § 2255 may not be used as a chance at a second appeal." United States v. Berry, 624 F.3d 1031, 1038 (9th Cir. 2010); see also United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) ("Section 2255 . . . is not designed to provide criminal Petitioners multiple opportunities to challenge their sentence."). A matter that has been decided adversely on appeal from a conviction cannot be relitigated on a § 2255 motion. See United States v. Jingles, 702 F.3d 494, 498 (9th Cir. 2012) ("If

[petitioner] did raise this issue on direct appeal and the previous panel addressed it, then that decision is the law of the case."); see also Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972) (stating that, "when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion").

**B. Analysis**

Petitioner argues threefold in his Motion: (1) he was denied the Sixth Amendment's guarantee to effective assistance of counsel; (2) the Court erroneously categorized Petitioner as a career offender for sentencing purposes; and (3) he is entitled to an evidentiary hearing. The Court addresses each in turn.

1. Ineffective Assistance of Counsel

The Sixth Amendment affords the right to effective assistance of counsel as a means of protecting the "fundamental right to a fair trial." Strickland v. Washington, 466 U.S. 668, 684-85 (1984); see also United States v. Leonti, 326 F.3d 1111, 1120 (9th Cir. 2003). To prevail on this claim, Petitioner must establish (1) counsel's deficient performance and (2) that the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687. The first prong asks "whether counsel's assistance was reasonable considering all the circumstances." Id. at 688. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The second prong requires a "reasonable

probability that but for counsel's unprofessional errors, the result would have been different." Leonti, 326 F.3d at 1120 (quoting Strickland, 466 U.S. at 694).

First, Petitioner argues that his former counsel—Deputy Federal Public Defender ("DFPD") Moriah Radin, DFPD Kim Savo, and former DFPD Andre Townsend—rendered ineffective assistance of counsel by failing to communicate the option to plead guilty. Pet'r's Mem. in Supp. of Mot. 11:5-8 ("Mot."), ECF No. 3; Reply in Supp. of Mot. ("Reply") 2-3, ECF No. 239. Petitioner insists that his attorneys, "without investigating the facts of [the] case, outright convinced [him] that going to trial would be the best option to proceed." Mot. 11:4-5. Second, Petitioner contends that his attorneys failed to inform him of the sentencing enhancement resulting from his prior convictions. He argues that counsel declined to negotiate a favorable plea agreement which could have avoided the enhancement and yielded a lesser sentence. Id. at 13:8-15.

But the evidence proffered by the government wholly refutes Petitioner's account. The government lodges the plea agreement offered to Petitioner, 

5



---

[1] Petitioner objects to the interrogatories on the basis of attorney-client privilege. See Reply 1. However, the Court entered an order on April 21, 2020, "find[ing] that by filing a Motion to Vacate alleging that Prior Defense Counsel provided ineffective assistance of counsel, [Petitioner] has waived the attorney-client privilege with respect to communications with Prior Defense Counsel, insofar as those communications concern events and facts relevant to [Petitioner's] claims that Prior Defense Counsel provided ineffective representation in the manner described in the Motion to Vacate." Order re Gov't's Ex Parte Appl. 6:11-20, ECF No. 207; see also United States v. Yoo Taik Kim, No. CR 08-1510-GW, 2015 WL 12851373, at *4 (C.D. Cal. July 30, 2015) (citing Bittaker v. Woodford, 331 F.3d 715, 719 (9th Cir. 2003)) ("[A] party asserting a claim implicitly waives attorney-client privilege for materials that the opposing party needs in order to adequately dispute the claim.").

In sum, trial counsel's responses to the government's interrogatories indicate that they comprehensively discussed with Petitioner the proposed plea agreement and the risks of proceeding to trial, including the sentencing enhancement based on information filed under 21 U.S.C. § 851. See Radin Interrogs. 1:21-24, 2:27-3:1, 3:13-16; see also Townsend Interrogs. 1:23, 2:21; Savo Interrogs. 2:22-25, 3:13-15.

Courts have consistently rejected ineffective assistance of counsel claims where, as here, the record refutes a petitioner's assertions that counsel failed to negotiate or communicate a plea agreement.[2] See, e.g., Martinez, 2018 WL 6017025, at *8 (holding that "[p]etitioner's conclusory assertion that his trial counsel did not explore a plea agreement is insufficient to prove ineffective assistance of counsel"); United

---

[2] Even assuming that Petitioner's counsel had negotiated a more favorable plea agreement than the one offered, there is ample evidence that Petitioner would not have accepted it. His attorneys have detailed Petitioner's vehemence in proceeding to trial. See, e.g., Antony Decl. ¶ 8, ECF No. 217; Radin Interrogs. 2:16-17; Townsend Interrogs. 2:1-2. Petitioner therefore fails to meet his burden to show "that there is a reasonable probability that . . . the result of the proceeding would have been different." Martinez v. Sec'y of Corr., CDCR, No. CV 17-4646-DMG (KK), 2018 WL 6017025, at *6 (C.D. Cal. Apr. 6, 2018) (quoting Strickland, 466 U.S. at 694); see also United States v. Ross, 584 F. App'x 502, 502-03 (9th Cir. 2014) (affirming the district court's denial of ineffective assistance of counsel claim "because there is no evidence in the record that [petitioner] would have considered or accepted any pretrial plea").

States v. Campana-Barraza, No. CV 14-01975 SJO, 2015 WL 12847926, at *2 (C.D. Cal. Mar. 18, 2015) (denying petitioner's § 2255 motion where "[p]etitioner has not submitted any corroborating evidence or independent indicia to support his claims that he was misled by his trial counsel"); Johnigan v. Hughes, No. CV 13-1465-AB(AS), 2015 WL 965552, at *13 (C.D. Cal. Mar. 3, 2015) (deeming unmeritorious a claim for ineffective assistance of counsel where petitioner "provided absolutely no evidentiary support for her claim" because "[p]etitioner's own self-serving statements are insufficient to establish her allegations"); White v. Ollison, 592 F. Supp. 2d 1227, 1250 (C.D. Cal. 2008) (rejecting ineffective assistance of counsel claims where "petitioner has provided absolutely no evidence supporting any of his ineffective assistance of counsel claims"). Because the record is replete with evidence that Petitioner was fully informed of the available plea deal and nevertheless proceeded to trial, Petitioner's claim fails.

2. Application of Sentencing Guidelines

Petitioner further argues that the Court erred in categorizing him as a career offender at sentencing. See Mot. 16:22-17:1, 20:1-10. Petitioner has already challenged the substantive reasonableness of his sentence on direct appeal, see United States v. Sawyers, 740 F. App'x 585 (9th Cir. 2018), so he may not relitigate that same issue here. See Foster v. Chatman,

136 S. Ct. 1737, 1758 (2016) (Alito, J., concurring) ("[A]s a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal."); see also Olney v. United States, 433 F.2d 161, 162 (9th Cir. 1965) ("Having raised this point unsuccessfully on direct appeal, [petitioner] cannot now seek to relitigate it as part of a petition under § 2255."); DuShane v. United States, No. 2:11-CR-00476-TLN-CKD (P), 2019 WL 6068687, at *1 (E.D. Cal. Nov. 15, 2019) ("[A] Section 2255 motion cannot be used to relitigate a claim that has already been raised and rejected on direct appeal."); United States v. Cosme, No. 10cr3044WQH, 2017 WL 118400, at *10 (S.D. Cal. Jan. 11, 2017) ("Having litigated these same factual issues regarding the conduct of [Petitioner's] counsel on direct appeal, [d]efendant may not relitigate the same issue under 28 U.S.C. § 2255.").

3. Evidentiary Hearing

Finally, Petitioner contends that the Court should grant an evidentiary hearing in this matter. Mot. 21:3-6; see generally Req. for Hearing & Schedule Deadlines, ECF No. 240. The Court must grant an evidentiary hearing to make factual findings "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court may properly deny a hearing if the movant's allegations, viewed against the record, fail to

9

state a claim for relief or are "palpably incredible or patently frivolous." United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (quoting United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984)).

Here, an evidentiary hearing is unwarranted because Petitioner's assertions about his trial counsel's conduct are veritably belied by the record. See, e.g., Oliver v. United States, No. SACV 11-0170 DOC, SACR 06-0143 DOC, 2012 WL 3151244, at *3 (C.D. Cal. July 31, 2012) (denying an evidentiary hearing where petitioner's counsel submitted interrogatory responses showing that "[p]etitioner was adequately informed, such that he was capable of making a voluntary and intelligent choice regarding his guilty plea"); Campana-Barraza, 2015 WL 12847926, at *3 (denying an evidentiary hearing where petitioner's trial counsel "answered sixteen interrogatories directly refuting all of [p]etitioner's claims"). Moreover, even assuming that Petitioner's trial counsel were deficient in their performance, Petitioner offers no evidence that he would have proceeded differently. Petitioner's allegations are "palpably incredible" such that the Motion may properly be denied without an evidentiary hearing. Withers, 638 F.3d 1062-63; see also 28 U.S.C. § 2255(b) (permitting a district court to deny an evidentiary hearing where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

## III. CONCLUSION

Based on the foregoing, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

DATED: July 6, 2021

/s/ Ronald S.W. Lew
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge